IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | C/A No. 3:23-4593-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Office of the South Carolina Governor; South | ) | |
| Carolina Department of Administration; | ) | **ORDER REGARDING** |
| South Carolina Office of Inspector General; | ) | **AMENDMENT OF COMPLAINT** |
| South Carolina Human Affairs Commission; | ) | |
| South Carolina Department of Employment | ) | |
| Workforce; South Carolina Department of | ) | |
| Public Safety; Richland County Government; | ) | |
| South Carolina Secretary of State, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Clarence B. Jenkins, Jr., proceeding *pro se*, brings this employment action.  This

matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.)

for initial review pursuant to 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance

with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not

amend the Complaint to cure the deficiencies identified herein.

I.      **Factual and Procedural Background**

Plaintiff brings this lawsuit seeking damages for "civil rights violations" and "employment

discrimination and retaliation" based on "secret blackballing affect [*sic*] since 2013 or before and

event to 2023."  (Compl., ECF No. 1 at 4.)   Plaintiff indicates he received an online notice of a

job announcement for a Workforce Specialist at the Orangeburg, South Carolina Ready Work

Center, which is apparently part of the South Carolina Department of Employment Workforce

("SCDEW").  Plaintiff alleges the job announcement stated that onsite interviews were scheduled

for November 2, 2022 for which candidates should bring a resume and come professionally dressed. Plaintiff indicates he has extensive experience as a Workforce Specialist. Plaintiff alleges he went to the onsite interview on November 2, 2022 professionally dressed and with a resume but he did not receive an interview. Plaintiff further alleges that after November 2, he spoke with the director of the Ready Work Center in Orangeburg who told Plaintiff that she had not seen Plaintiff's resume and she does not see resumes until they are sent to her by SCDEW. Plaintiff claims that he was discriminated against because he did not receive an interview on November 2.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., raising claims of discrimination and retaliation.[1] Plaintiff also brings an unspecified claim of civil rights violations pursuant to 42 U.S.C. § 1983.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v.

---

[1] In a charge of discrimination filed with the South Carolina Human Affairs Commission, which is attached to the Complaint, Plaintiff raised claims of race and age discrimination and retaliation.

Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The court concludes that Plaintiff fails to state a claim upon which relief can be granted against any of the defendants. Initially, the court notes that despite naming numerous defendants, Plaintiff raises allegations against only one of the defendants in the body of the Complaint—SCDEW. The other defendants are either not mentioned in the body of the Complaint, or Plaintiff fails to make any allegations or legal claims against them.[2] Therefore, Plaintiff fails to state a legal claim against the defendants (other than SCDEW) upon which relief can be granted. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the

---

[2] For instance, Plaintiff indicates he filed a charge of discrimination with the South Carolina Human Affairs Commission, but he does not assert any recognizable legal claims against the Commission.

defendant unlawfully harmed the plaintiff, devoid of factual support); see also Langford v. Joyner, 62 F.4th 122, 126 (4th Cir. 2023) ("[W]e do not require a complaint to contain detailed factual allegations. But we do require sufficient facts to allow the court to infer liability as to *each* defendant. This is baked into Rule 8's requirement that the complaint 'show' the plaintiff is entitled to relief.") (internal citations and quotation marks omitted).

As to SCDEW, Plaintiff expressly raises claims pursuant to § 1983 and Title VII. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). However, states and their agencies are not "persons" amenable to suits for damages under § 1983 because they are immune from suit under the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute); see also Hafer v. Melo, 502 U.S. 21, 25-31 (1991); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 482-83 (4th Cir. 2005). Because SCDEW is a state agency, Plaintiff fails to state a § 1983 claim against SCDEW upon which relief can be granted.

As to Title VII, pursuant to which Plaintiff expressly raises claims of discrimination and retaliation, Plaintiff fails to plead facts that plausibly show he was subjected to discrimination or retaliation by SCDEW. Title VII makes it unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Ocheltree v. Scollon Prods, Inc., 335 F.3d 325, 331 (4th Cir. 2003).

Presuming Plaintiff believes he was discriminated against based on his race as he indicated in his charge of discrimination filed with the South Carolina Human Affairs Commission, Plaintiff fails to allege any facts that would indicate that he did not get an interview at the South Carolina Ready Work Center because of his race or because he engaged in a protected activity.  See generally E.E.O.C. v. Sears Roebuck & Co., 243 F.3d 846, 851 (4th Cir. 2001) ("A plaintiff establishes a prima facie case of discrimination in hiring when he demonstrates that (i) he belongs to a protected class, (ii) he applied and was qualified for a job for which the employer was seeking applicants, (iii) despite his qualifications, he was rejected, and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications."); Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . .  This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").  Not only does Plaintiff make no allegations that race played any part in Plaintiff not receiving an interview, he also makes no allegation that he engaged in a protected activity, or that he did not receive an interview because he engaged in a protected activity.  Therefore, Plaintiff fails to plausibly allege that SCDEW violated Title VII by not interviewing him for a job in November 2022.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to

file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the

deficiencies identified above.[3]  If Plaintiff fails to file an amended complaint that corrects those

deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

     **IT IS SO ORDERED**.

October 6, 2023                       Paige J. Gossett
Columbia, South Carolina        UNITED STATES MAGISTRATE JUDGE

    *Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

**IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY**

**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).