IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Clarence B. Jenkins, Jr., ) | Case No. 3:23-cv-04593-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Office of the South Carolina Governor, ) | |
| South Carolina Department of ) | |
| Administration, South Carolina Office of ) | |
| Inspector General, South Carolina ) | |
| Human Affairs Commission, South ) | |
| Carolina Department of Employment ) | |
| Workforce, South Carolina Department ) | |
| of Public Safety, Richland County ) | |
| Government, South Carolina Secretary ) | |
| of State, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on two Reports and Recommendations ("Reports") of the Magistrate Judge; a motion for judgment on the pleadings by Defendant South Carolina Department of Employment Workforce ("SCDEW"); and various motions by Plaintiff, including what he has titled a motion of justification, motion to accept response by Defendants as admission of guilt, motion to file verifications seeking discovery, motion to establish non-compliance, motion establishing deprivation, and motion requesting a jury trial. [Docs. 25; 28; 37; 40; 54; 63; 66; 67; 70.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Paige J. Gossett for pre-trial proceedings.

On November 8, 2023, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without issuance and service of process as to Defendants Office of the South Carolina Governor, South Carolina Department of Administration, South Carolina Office of Inspector General, South Carolina Human Affairs Commission, South Carolina Department of Public Safety, Richland County Government, and South Carolina Secretary of State (collectively, the "Non-Served Defendants") and that the case proceed only as to SCDEW (the "First Report").  [Doc. 25.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the First Report and the serious consequences if he failed to do so.  [*Id.* at 6.]  On November 27, 2023, Plaintiff filed partial objections to the First Report, objecting to the recommendation that the Non-Served Defendants be dismissed from the case.  [Doc. 27.]

On December 11, 2023, Plaintiff filed a motion of justification, seeking "to hold[] all Defendants accountable for [c]ivil [r]ights [v]iolations based on known facts and known evidence," and on December 28, 2023, he filed a motion to accept response by Defendants as admission of guilt, arguing that SCDEW admitted guilt based on defenses raised in their Answer to the Amended Complaint.  [Docs. 28; 37.]  SCDEW filed a response in opposition to the motion to accept response as admission of guilt, and Plaintiff filed a reply.  [Docs. 45; 48.]  On January 5, 2024, SCDEW filed a motion for judgment on the pleadings.  [Doc. 40.]  Plaintiff filed a response in opposition to the motion for judgment on the pleadings, and SCDEW filed a reply.  [Docs. 46; 51.]  On February 2, 2024, the Magistrate Judge issued a Report recommending that SCDEW's motion for judgment on the pleadings be granted and that Plaintiff's motions of justification and to accept

2

response as admission of guilt be denied (the "Second Report"). [Doc. 54.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Second Report and the serious consequences if they failed to do so. [*Id.* at 8.] Plaintiff filed objections to the Second Report on February 6, 2024, and SCDEW filed a reply on February 9, 2024. [Docs. 59; 60.]

Plaintiff has since filed a motion to file verifications seeking discovery; a motion to establish non-compliance, contending that Defendants were not complying with discovery; a motion establishing deprivation, asserting that he has suffered a deprivation based on the denial of employment opportunities; and a motion requesting a jury trial. [Docs. 63; 66; 67; 70.] All motions are ripe for review.

## **BACKGROUND**

In his Amended Complaint, Plaintiff alleges that he received an email from SCDEW on October 27, 2022, inviting him to apply for a Workforce Specialist position in Orangeburg, South Carolina. [Docs. 15 at 8; 15-1 at 1.] The job announcement indicated he should bring his resume and dress professionally. [Docs. 15 at 8; 15-1 at 1.]

Plaintiff went to the Orangeburg South Carolina Ready Work Center on November 2, 2022, with his resume, dressed professionally, and ready to interview. [Doc. 15 at 9.] He asserts he has the required education for the position, relevant work experience, and excellent work performance record. [*Id.*] Nonetheless, he did not receive an interview that day and was told that someone would contact him. [*Id.*] He waited months to hear from someone but never heard from anyone about the position. [*Id.*]

Plaintiff visited the Orangeburg South Carolina Ready Work Center on March 28, 2023, and spoke with a manager about the Workforce Specialist position. [*Id.* at 9–10]

Plaintiff was told to contact the director, and he spoke with the director the next day. [*Id.* at 10.] The director informed Plaintiff that she had not received or seen his resume, that all applications and resumes are first reviewed by the SCDEW human resources office, that the human resources office selects the candidates to be interviewed from their resumes and applications, and that the director then hires a candidate from those who have been selected for an interview. [*Id.*]

Plaintiff alleges he is "still being discriminated [against] by a secret blackballing [e]ffect by [the SCDEW human resources office] to deny [him] job opportunities as before." [*Id.*] He previously filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") in 2011 regarding a "secret blackballing [e]ffect," and he asserts that he is "still being discriminated and retaliated [against] because of filing prior complaints against several South Carolina State Government Agencies for employment discrimination and retaliation" with the EEOC. [*Id.* at 11.] He also contends he is being discriminated against because he is "an African American, black and a protected class." [*Id.*]

Finally, Plaintiff alleges that he has been denied job opportunities for years, most recently on July 24, 2023, because SCDEW flagged him as "Barred From Applying" in its online application system. [*Id.* at 11–13.] Plaintiff has notified the following agencies about his being flagged as "Barred From Applying": the Office of the South Carolina Governor, the South Carolina Department of Administration, the South Carolina Office of Inspector General, the South Carolina Human Affairs Commission, the SCDEW, the South Carolina Department of Public Safety, the Richland County Government, and the South Carolina Secretary of State. [*Id.* at 13.]

Plaintiff filed a discrimination charge against SCDEW with the South Carolina Human Affairs Commission and the EEOC in April 2023 alleging discrimination based on age and race and retaliation. [Docs. 15 at 14–15; 15-1 at 7–8.] The EEOC issued a determination and notice of rights on June 30, 2023, notifying Plaintiff that it would not proceed further with its investigation and that he could file a lawsuit within 90 days of receiving the notice. [Docs. 15 at 15; 15-2 at 1.] Plaintiff then filed this action on September 12, 2023 [Doc. 1], and filed an Amended Complaint on October 17, 2023 [Doc. 15]. The Magistrate Judge has construed the Amended Complaint as raising claims of retaliation and discrimination pursuant to Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). [Doc. 21 at 1–2.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**DISCUSSION**

**The First Report**

In the First Report, the Magistrate Judge recommends that the case be dismissed without prejudice and without issuance and service of process as to the Non-Served Defendants for failure to state a claim upon which relief can be granted. [Doc. 25.] Specifically, the Magistrate Judge concluded that Plaintiff has made no allegations that the Non-Served Defendants discriminated or retaliated against him. [*Id.* at 4–5.] In his objections, Plaintiff argues that he informed many of the Non-Served Defendants about the discrimination he endured based on being classified as "Barred From Applying" and requested that they conduct an independent investigation, but the Non-Served Defendants did nothing. [Doc. 27 at 3–5, 8.]

Title VII and ADEA claims based on failure to hire can be brought only against entities who are Plaintiff's potential employers. *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an *employer* to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." (emphasis added)); 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an *employer* to fail or refuse to hire . . . any individual . . . because of such individual's age." (emphasis added)); *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) ("Title VII . . . authorizes claims against an employer, but not against non-employers or supervisors."). Although Plaintiff contends that he informed the Non-Served Defendants about SCDEW's classifying him as "Barred From Applying," he does not allege that he applied for a position with any of the Non-Served Defendants or that they failed or refused to hire him. Accordingly, Plaintiff's objections are overruled.

Having conducted a de novo review of the First Report, the Court accepts the First Report, and the Non-Served Defendants are dismissed without prejudice and without the issuance and service of process.

**The Second Report**

In the Second Report, the Magistrate Judge recommends that SCDEW's motion for judgment on the pleadings be granted and that Plaintiff's motions of justification and to accept response by Defendants as admission of guilt be denied. [Doc. 54.] Specifically, the Magistrate Judge concluded that SCDEW is entitled to sovereign immunity with respect to Plaintiff's ADEA claim and that Plaintiff has failed to state a Title VII claim upon which relief can be granted because the Amended Complaint fails to allege facts showing that race was a motivating factor or that retaliation was a but-for cause of SCDEW's not selecting Plaintiff for a job. [*Id.* at 5–7.] Additionally, because she recommends granting SCDEW's motion for judgment on the pleadings, the Magistrate Judge further recommends denying Plaintiff's motions of justification and to accept response by Defendants as admission of guilt, which address the merits of his claims. [*Id.* at 7 n.4.] In his objections, Plaintiff argues that Defendants do not have sovereign immunity under the Eleventh Amendment; that the case should proceed against all Defendants and not just SCDEW[1]; that he has a right to discover the truth about why he was denied employment opportunities and to determine whether the actions were legitimate, nondiscriminatory, and nonretaliatory; that Defendants violated his Fourteenth Amendment rights; that Defendants violated S.C. Code § 1-13-80; and that because he

---

[1] The Court has overruled Plaintiff's objection to the dismissal of the Non-Served Defendants in the previous discussion regarding the First Report.

7

met or exceeded the job requirements, that leaves only race and retaliation as factors for why he did not receive an interview or job offer.[2] [Doc. 59.]

With respect to Plaintiff's argument that SCDEW is not entitled to sovereign immunity [Doc. 59 at 1–2], he is incorrect.  As the Fourth Circuit Court of Appeals has noted, "[s]overeign immunity has not been abrogated for ADEA claims."  *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014).  Accordingly, the Court overrules this objection.

The Court also overrules Plaintiff's objection to the Second Report's conclusion that Plaintiff has failed to state a Title VII claim upon which relief can be granted because the Amended Complaint fails to allege facts showing that race was a motivating factor or that retaliation was a but-for cause of SCDEW's not selecting Plaintiff for a job.  Plaintiff asserts that race and retaliation had to have been factors SCDEW used in deciding not to select him for an interview or job offer because he met or exceeded the requirements for the position.  [Doc. 59 at 7.]  However, as the Magistrate Judge noted, to state a claim for relief under Title VII, a plaintiff must allege facts that could plausibly show that the defendant discriminated or retaliated against the plaintiff *because of* his race or participation in protected activity.  *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015).  In *McCleary-Evans*, where the plaintiff "repeatedly alleged that the [defendant] did not select her because of the relevant decisionmakers' bias against

---

[2] Neither party has objected to the recommendation that Plaintiff's motions of justification and to accept response by Defendants as admission of guilt be denied.  Having reviewed those recommendations in the Second Report, the record, and the applicable law, the Court finds no clear error.  Thus, the Court accepts the Second Report with respect to the recommendation that Plaintiff's motions of justification and to accept response by Defendants as admission of guilt [Docs. 28; 37] be denied.

African American women," the Fourth Circuit concluded that the plaintiff's "naked allegations—a formulaic recitation of the necessary elements—[were] no more than conclusions and therefore [did] not suffice." *Id.* (internal quotation marks omitted). Plaintiff's allegations in the Amended Complaint are similarly "too conclusory" and "stop[] short of the line between possibility and plausibility of entitlement to relief."[3] *Id.* at 586 (internal quotation marks omitted).

With respect to Plaintiff's arguments that SCDEW violated his Fourteenth Amendment rights and violated S.C. Code § 1-13-80, the Amended Complaint contains no allegations regarding the Fourteenth Amendment or S.C. Code § 1-13-80. [*See* Doc. 15.] "Plaintiff cannot use his objections to plead new facts not alleged in his complaint."[4] *Vanzant v. Carolina Ctr. for Occupational Health*, No. 8:14-cv-03725-RBH, 2015 WL 5039302, at *4 (D.S.C. Aug. 25, 2015).

Having conducted a de novo review of the portions of the Second Report to which Plaintiff specifically objected, the Court accepts the Second Report, grants SCDEW's motion for judgment on the pleadings, and denies Plaintiff's motions of justification and to accept response by Defendants as admission of guilt.

---

[3] Plaintiff also seems to assert he is entitled to discovery in this case. [Doc. 59 at 4 (arguing that Plaintiff "has a right to discover the TRUTH" and "a right to determine whether actions taken by State of South Carolina [were] legitimate, nondiscriminatory, and nonretaliatory" and noting that Plaintiff has provided interrogatories to SCDEW's counsel).] However, because the Court has concluded that the Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff is not entitled to discovery. *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999).

[4] The Court notes that Plaintiff filed a separate document that he titled "Plaintiff's Reply to Roseboro Order," in which he "declar[es] that Defendants ha[ve] violated the Fourteenth (14th) Amendment." [Doc. 58 at 1.] Nonetheless, as noted, the claims before the Court are those alleged in the Amended Complaint, which does not reference the Fourteenth Amendment.

**Plaintiff's Motions**

As noted, Plaintiff has filed motions to file verifications seeking discovery, to establish non-compliance, establishing deprivation, and requesting jury trial. [Docs. 63; 66; 67; 70.] Because the Court accepts the First Report and Second Report, dismisses the Non-Served Defendants, and grants SCDEW's motion for judgment on the pleadings, thereby terminating this case, Plaintiff's motions to file verifications seeking discovery, to establish non-compliance, establishing deprivation, and requesting jury trial are denied.

**Admonition to Plaintiff**

In his objections to the Second Report, Plaintiff contends that the Magistrate Judge in this case "is like a STREET WALKER that goes to the highest BIDDER." [Doc. 59 at 1.] This reference has no connection to this case, and Plaintiff appears to have resorted to such name calling because he disagrees with the Magistrate Judge's recommendations in this and other cases. Plaintiff is ADMONISHED against using personally derogatory characterizations of the judges handling his cases. If Plaintiff continues to use this sort of language in documents he submits to the Court, those filings will be stricken from the docket and returned to Plaintiff.

## **CONCLUSION**

Based upon the foregoing, the Court accepts the First Report [Doc. 25], accepts the Second Report [Doc. 54], and incorporates both Reports and Recommendations of the Magistrate Judge by reference. Thus, the Non-Served Defendants are DISMISSED without prejudice and without the issuance and service of process; SCDEW's motion for judgment on the pleadings [Doc. 40] is GRANTED; the claims against SCDEW are

DISMISSED with prejudice; and Plaintiff's motions [Docs. 28; 37; 63; 66; 67; 70] are DENIED.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

August 26, 2024
Columbia, South Carolina